Danzig; that the substituted assignee, before entering upon the discharge of his duties, give a bond in the sum of $5,000,000 for the faithful discharge of his duties.

## SUPREME COURT.

GEORGE B. SMITH agt. ISAAC W. CRISSEY, as Comptroller of the City of Troy.

*Parties — Who may and should be made parties — Code of Civil Procedure, sections 447, 448.*

An action which seeks to enjoin payment of money to individuals, cannot be maintained without making them parties to it.

He who is deprived of his property, or of what he claims to be his, is entitled to be heard, and no judgment can be rendered depriving him of that which he claims to be his, without bringing him before the court, which is asked to determine his rights.

*Albany Special Term, February*, 1883.

MOTION by defendant to dissolve an injunction.

*R. A. Parmenter*, for defendant and motion.

*Merritt & Ryan*, for plaintiff and opposed.

WESTBROOK, *J.* — The injunction, which this motion seeks to vacate, restrains the defendant, as comptroller of the city of Troy, "from countersigning any draft or drafts drawn by Michael Cavanaugh and Edward Hannan, for the payment of any police force in said city over which John McKenna claims to be superintendent, or from countersigning any draft or drafts for the payment of any police force, which are not drawn by a majority of the board of police commissioners;" and the complaint in the action demands a judgment awarding

Smith agt. Crissey.

a permanent injunction of a like character, "and for the costs of this action."

When this action was commenced, and when the motion to dissolve the injunction was argued and submitted, there were in the city of Troy two police forces, each claiming to be the legal force of the city. The object of the action was to restrain the payment for services to the members of one force, and to procure a permanent judgment therein declaring that such force was not legal, and that no member thereof should ever obtain compensation for his services. In other words, without giving the parties who were to be affected by the relief sought an opportunity to be heard, this court was asked temporarily and permanently to enjoin the payment to them and each of them of moneys, which each and all claimed to be legally due. It is true that since the submission of this motion the court of appeals, in *People ex rel. Woods* agt. *Crissey* (91 *N. Y.*, 616), has settled the question between the two forces, and determined it against the, one which the plaintiff in this suit claims to be illegal, but that decision does not dispose of one question, which both this motion and suit present, and that is: Can an action, which seeks to enjoin payment of money to individuals be maintained without making them parties to it?

The answer to the question propounded does not seem to be difficult. He who is deprived of his property, or of what he claims to be his, is entitled to be heard, and no judgment can be rendered depriving him of that which he claims to be his, without bringing him before the court which is asked to determine his rights. The Code (*sec.* 447) has accordingly provided: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein." And when the parties are too numerous to be all united it has (*sec.* 448) further declared: "One or more may sue or defend for the benefit of all."

It is apparent, if the relief asked by the complaint in this action be granted, that many individuals will be deprived of what they claim to be their property without having their day in court. The comptroller of the city of Troy, who is the sole defendant in the action, has no interest whatever in the result. If the judgment demanded by the plaintiff be rendered he sustains no loss, but it will fall upon others who have not been brought before the court and have never been heard in the assertion of their supposed rights. Such a result would be a reproach to the administration of justice, and the maintenance of the legal principles leading to it would be most disastrous in its consequences.

It is argued, however, that the act of 1881 allows a taxpayer to bring an action against a public officer to prevent the waste of funds or property belonging to a municipal corporation, and that therefore this action, which seeks to prevent the payment of that which is not due, is maintainable. It is true that the act referred to justifies the action as against the comptroller, but it has not declared that to obtain the entire relief such officer is the only necessary party. There are cases in which the officer may be the only necessary party; but in this, which seeks to adjudge and declare illegal and unjust claims held by numerous individuals against the city of Troy, the persons holding such claims, or some representatives of them, as required by section 448 of the Code, are necessary parties.

There are other objections to the maintenance of this injunction and action (*see opinion in Tappen* agt. *Same defendant, also Morris* agt. *Whelan*, 64 *How.*, 109), but they will not be considered. It seems to me to be a clear legal impossibility to decide and adjudge that persons holding claims against another can by a direct judgment be deprived of them without their being brought before the court. It is true that in an action between some individuals a court in deciding matters which affect them may establish principles and decide questions which affect others also; but neither this court nor

any court can legally decide that an action, which has for its direct object the forfeiture of the property or rights of an individual, is maintainable without bringing before it as a party the individual at whom and at whose right and property such action is directly aimed. This action is one of the character just described. The judgment asked directly and sharply, and not incidentally or collaterally, will affect, if rendered, persons not before the court; and before it can be granted or the injunction maintained such persons must be made parties, or at least some of them (if they be very numerous), as required by section 448 of the Code.

The motion to dissolve the injunction must be granted. The order to be entered in consequence of the decision of the court of appeals, to which allusion has been made, will probably be of no practical effect, as the defendant in his official action will doubtless conform himself to it and to its results. The fact, however, that the plaintiff is right in his allegations as to which is the legal police force of the city of Troy will not justify this court in maintaining an injunction or rendering a judgment against persons not parties to the action, and over whom it has no jurisdiction, because they have not been legally required to appear in the assertion of their rights.